PER CURIAM.
On November 30, 1977, the Court initiated this rulemaking proceeding to consider whether presentence investigation reports should be eliminated from the sentencing process in all capital cases, in light of the statutory scheme for sentencing set out in Section 921.141, Florida Statutes (1975). The Court invited comment by all interested parties on a proposed change to Florida Rule of Criminal Procedure 3.710 which would achieve that objective.
After receiving briefs from many interested parties, hearing oral argument, and considering both the policy issues and the practical implications of a possible rule change, we have concluded that presentence investigation reports should continue to be available as a discretionary sentencing tool *656 for trial judges in capital cases,[1] and that Florida Rule of Criminal Procedure 3.710 should remain unchanged. In so concluding, we have rejected alternatives to the present rule which were suggested by various counsel, such as mandating presentenee investigation reports in all capital cases, requiring their presentation to advisory sentencing juries as well as trial judges, and requiring them only at a defendant’s request.
This rulemaking proceeding is hereby terminated.
It is so ordered.
ENGLAND, C. J., and ADKINS, OVER-TON, SUNDBERG and ALDERMAN, JJ., concur.
BOYD, J., dissents with an opinion.
HATCHETT, J., dissents with an opinion.

. See, however, Hargrave v. State, Case No. 48,135 (Fla. opin. filed June 30, 1978), holding the second sentence of Rule 3.710, which mandates presentence investigation reports, inapplicable in capital cases.